In the Interest of M.L.R., A Child,
V.M.E., Mother, Appellant.

No. 94–1545.

Court of Appeals of Iowa.

March 30, 1995.

Margaret E. Haessler of Hoth & Todd Law Offices, Burlington, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Judy Sheirbon, Asst. Atty. Gen., and Matthew Shupe and Ronald Robertson, Asst. County Attys., for appellee State.

P.J. Eppler, Asst. Public Defender, Burlington, for minor child M.L.R.

Heard by DONIELSON, C.J., and HAYDEN and CADY, JJ.

DONIELSON, Chief Justice.

Verscine appeals the adjudication of her son, Mister, as a child in need of assistance ("CINA"). She claims there was insufficient evidence to support the adjudication and the juvenile court's written ruling differed significantly from its oral ruling at the conclusion of the evidentiary hearing. We have reviewed the parties' arguments and the applicable law, and we affirm.

A minor child, Mister R., was born on May 12, 1993, to Verscine E. and Ted R. Due to Ted's physical abuse of Verscine, a permanent protection order was entered on October 13, 1993, ordering Ted to refrain from all contact with Verscine. Due to Verscine's unrelated arrest and impending incarceration, the protective order further provided, at Verscine's request, that the temporary custody of Mister be placed with Ted.

Verscine was subsequently incarcerated and Ted became the primary caretaker for Mister. Ted left Mister in the care of his sister, Barb, for an extended period of time and failed to provide items for Mister's care. Ted did not inform Barb as to where he

could be reached. When Ted failed to return for Mister, Barb contacted the Iowa Department of Human Services and Mister was placed in foster care on January 5, 1994.

A CINA petition was filed on Mister's behalf. Hearings on the petition were continued in January and March to allow both parents to be legally notified of the proceedings. An evidentiary hearing was held on May 25, 1994. At the conclusion of the hearing the juvenile judge announced his findings.

> The definition of abandonment and the definition of desertion are spelled out in the Code, and there are certain, specific things that must be found. And the evidence does not establish either of these bases for making a finding. However, under 232.2(6)(c)(2) the Court finds that Tim['s] ... short temper, abandonment of the child with the sister and at the same time the mother being incarcerated and unable to exercise supervision of the child both constitute a ground of failure to have reasonable degree of care of the child.
>
> In addition, this constitutes a ground under Section 232.2(6)(g), failed to exercise minimal degree of care for food, clothing or shelter and being unable to provide these because of their incapacities. Also, at the same time, under Section 232.2(6)(n), the mother was in prison and could not provide the necessary care for the child.
>
> All of those grounds have been established to find Mister ... a child in need of assistance, and he will be found as such at this time.

In its written ruling filed on June 6, 1994, the juvenile court found "the evidence supports adjudications under Sections 232.2(6)(c)(2), 232.2(6)(g), 232.2(6)(n), and the Court therefore finds Mister ... to be a child in need of assistance." Verscine filed a motion for reconsideration of the court's order. She argued that with respect to her the court's May 25, 1994, oral ruling set forth only her incarceration as a basis for adjudicating Mister a child in need of assistance. Since her incarceration had ended a day before the hearing, she contends section 232.2(6)(n) was not applicable and there should not have been a CINA adjudication with respect to her. Her motion was denied and she appeals.

■ We review a CINA determination de novo. *In re L.K.S.,* 451 N.W.2d 819, 821 (Iowa 1990). Although we are not bound by the juvenile court's fact findings, we give them weight, especially when considering the credibility of witnesses. *Id.*

■ We note the juvenile court clarified at the motion to reconsider hearing that its CINA determination was to be based on evidence presented at the evidentiary hearing and not merely on the factual circumstances which existed at the time the CINA petition was filed. We agree with Verscine that section 232.2(6)(n) could not be the basis of the CINA adjudication as she was no longer imprisoned when the hearing was held. However, the other statutory bases cited for the juvenile court's decision applied to Verscine and are affirmed.

■ We reject Verscine's contention that the juvenile court improperly expanded its findings in the written CINA order beyond those announced orally at the CINA hearing. From our review of the record it appears the juvenile court did not designate its sections 232.2(6)(c)(2) and 232.2(6)(g) findings as being specifically applicable to only Ted or Verscine. The record revealed Verscine had been unable to exercise a reasonable degree of care in supervising her child and in supplying him with adequate food, clothing, or shelter. That this failure was due in part to her prior incarceration does not render sections 232.2(6)(c)(2) and 232.2(6)(g) inapplicable.

Verscine's testimony raises several concerns about her ability to protect Mister and provide for his needs. She admitted she was afraid of Ted as he had physically abused her and Mister, and she had been unable to protect her son from him. However, when facing impending incarceration in October 1993, Verscine requested Mister be placed in Ted's custody. This decision reflects a frighteningly poor sense of judgment and an inability or unwillingness to protect her son.

At the time of the CINA hearing Verscine was residing in an efficiency apartment with other family members, and her ability to adequately house Mister was in question. Verscine had no employment or other visible means by which to support Mister.

Verscine testified she had a total of six children. Three were in placement in Illinois due to her past substance abuse problems. Verscine had not seen those children for several years. Her five-year-old son was living with a grandparent, her two-year-old daughter was in the care of a friend, and she had requested Mister be placed in Ted's custody prior to her incarceration. Verscine's testimony indicated that with her release from prison she would resume the care of her two-year-old child.

From our de novo review of the record we conclude there was clear and convincing evidence to find Verscine failed to exercise a reasonable degree of care in supervising her son and failed to exercise a minimal degree of care in supplying him with adequate food, clothing or shelter. Iowa Code § 232.2(6)(c)(2), (g). The CINA adjudication is affirmed.

**AFFIRMED**